## BARBER *vs.* SPENCER and others.

Where the complainant purchased a judgment, against his creditors, and actually paid for it, before the transfer of their demand against him to a third person, but the written assignment of the judgment, to him, was not executed till after that time, *Held*, that he was in equity entitled to offset such judgment, against the demand which his creditors had transferred to such third person.

The court of chancery, upon a bill filed for that purpose, will allow an equitable set-off, where the right to such set-off existed, in equity, previous to the transfer of the defendant's demand against the complainant to a third person; although such set-off could not have been made in an action at law, or by a summary application by motion.

The right to a set-off, upon a summary application to a court of law or equity, exists only in cases where the debts on both sides are liquidated, by judgment or decree, before the assignment of either to a third person.

Joint debts cannot in equity be set off against separate debts, unless there are equitable circumstances to take the case out of the general rule. And where a debtor, who has a separate demand against one of two joint creditors, assigns the same to a third person, before such creditor acquires any equitable right to have the same offset, against the joint debt due to himself and his co-creditor, he cannot sustain a bill in equity, against the assignee of such debtor for an offset, although the joint debt has been subsequently assigned to him.

THIS was an application, by the defendant Ward, and the Spencers, to dissolve an injunction, restraining the collection of a judgment against the complainant; which judgment was held

by Ward, as the assignee of the Spencers, under a general assignment for the benefit of creditors. The Spencers were insolvent, and the principal object of the bill was to have a judgment, recovered by the complainant and S. Worden, against the Spencers, offset against the judgment recovered by them against the complainant.

*W. T. Worden,* for the complainant.

*W. W. Campbell,* for the defendants.

THE CHANCELLOR. The right of set-off, upon a summary application to a court of law or equity, exists only in cases where the debts on both sides are liquidated by judgment or decree, before the assignment of either to a third person. But the court of chancery, upon a bill filed, may allow a set-off, where the equitable right to such set-off existed before such assignment to a third person; although neither of the demands had at that time been liquidated, by judgment or decree.

Here, the judgments recovered against the Spencers, by the Cayuga County Bank, were the property of the complainant as early as May, 1843; when the bank received payment therefor, from him, in pursuance of the previous agreement, made in the month of March. It was therefore a matter of no consequence when the written assignment was made by the bank. For the complainant's right to the judgment was complete, in equity, before such assignment; and the equitable right to a set-off existed the moment the Spencers became insolvent; which insolvency was previous to their general assignment to Ward, for the benefit of their creditors. The recent case of *Gay* v. *Gay,* (10 *Paige's Rep.* 369,) settles the question, therefore, that the complainant was entitled to come into this court for an equitable set-off as to the bank judgments; although a set-off could not be allowed upon a summary application, by motion, either in the supreme court, or in this court.

The assignment from Wooden, to the complainant, of all his interest in the joint demand against the Spencers, appears to

Barber v. Spencer.

have been made on the 24th of July, 1843; nine days after the Spencers had assigned all their interest in the separate demand against the complainant, on the guaranty, to the defendant Ward, for the benefit of creditors. The general rule is, that joint debts cannot be offset in equity, any more than at law, against separate debts; unless there are equitable circumstances in the case to take it out of that general rule. The right to that part of the offset claimed in the present suit, must therefore depend upon the question whether there was, in this case, an equitable right to have the complainant's separate debt, on the guaranty to the Spencers, offset against the joint debt due to himself and Wooden, from them, at the time of their assignment of the complainant's separate indebtedness, on the 15th of July, 1843. Such an equity would unquestionably exist, in this case, if it was satisfactorily established that the property which formed the consideration of the joint indebtedness of the Spencers to Barber and Wooden, was in fact the property of Barber alone, or that it was property held in trust, for his indemnity against his guaranty to the Spencers. But even if such an equitable right of set-off exists, the complainant, who comes into this court for relief, will be compelled to do equity, by allowing to the adverse party the whole amount due upon the guaranty; including the interest thereon which was remitted, in the suit at law, on account of the technical mistake in the declaration. Upon examining the bill, however, I do not find any allegation that the property forwarded to the Spencers, by Barber and Wooden, was in fact the property assigned to the latter, by Barber and Savage, in July, 1841, to indemnify the complainant against his guaranty. Nor is it alleged in the bill, that the amount which the Spencers owed to Barber and Wooden was not, in fact, a demand in which Wooden was equally interested with the complainant, in equity as well as at law, previous to the assignment by Wooden to the complainant, and subsequent to the assignment of the separate debt of the complainant to Ward. On the other hand, I do not find, in the answer of the defendant Ward, any distinct claim that any of the property assigned by Barber and Savage, was property to which the Spencers were

entitled, by a prior equity, to meet acceptances which had been made upon the faith of their agreement. It is unnecessary, therefore, to express any opinion on that part of the case, in this stage of the suit. And an entirely different state of facts may hereafter be presented, by an amendment of the bill and a further answer to the same.

All that can be necessary to say now, is that the complainant appears to be entitled, in equity, to a set-off, at least to the extent of the bank judgments. The motion to dissolve the injunction is therefore denied, and the complainant's costs of opposing the application are to abide the event of the suit ; and they are to be taxed as a part of his costs, against the defendants Ward and the Spencers, if he succeeds in recovering costs against them, or either of them.