J. L. BROWN, Trustee v. P. S. BRITTAIN.

*Counter-claim—Creditor under trust deed—Summary Judgment against sureties on appeal from justice's court.*

1. A firm made a deed of trust conveying its estate and providing for the collection of assets and payment of creditors; the trustee sued the defendant upon claims due the firm, and defendant set up an account, as a counter-claim against the firm, assigned to him by one of its creditors after the registration of the deed; *Held*, that the counter-claim could not be allowed. The defendant assignee is affected with all the equities against the creditor, and is only entitled as the creditor would have been to share in the *pro rata* distribution of the assets when collected.

2. Under the act of 1879, ch. 63, a summary judgment may be given against sureties to an appeal bond for the amount of the judgment and costs awarded against the appellant in appeals from a justice's court, as an additional remedy to a suit on the same as a common law bond.

(*Moody* v. *Sitton*, 2 Ired. Eq., 382; *Tabor* v. *Ward*, 83 N. C., 291, cited and approved.)

CIVIL ACTION tried at June Special Term, 1880, of HENDERSON Superior Court, before *Schenck, J.*

The action was commenced before a justice of the peace and founded upon two notes under seal, both dated May 20th, 1875, due one day after date and payable to McMurray & Davis.

By a deed of trust bearing date the 5th of June, 1875, and registered on the 7th of the same month, McMurray & Davis assigned the said notes and all the property and effects owned by them as merchants and partners in the town of Charlotte, to John L. Brown, with power to sell the personal and real property conveyed, collect the notes and accounts, and after completing their collection and converting the property and effects into cash, to distribute the same among all the creditors who should come in and prove

their claims before him. On the trial before the justice, the defendant relied for his defence upon a setoff or counter-claim. There was judgment in favor of the plaintiff and the defendant appealed to the superior court, giving an appeal bond with P. S. Brittain and W. M. Whitaker as sureties.

On the trial in the superior court the defendant set up for his defence by way of setoff or counter-claim an open account due by McMurray & Davis to one Hastings, the proprietor of the *Henderson Advertiser*, for fifty dollars which had been transferred to him by said Hastings by a written assignment, dated the 22d November, 1875. Upon intimation of the opinion by His Honor that the setoff or counter-claim pleaded by the defendant could not avail him, he submitted to a verdict. Thereupon judgment was given in favor of the plaintiff and also against the sureties on the appeal bond for the amount of the plaintiff's debt and costs, from which judgment the defendant appealed.

No counsel for plaintiff.
Messrs. *W. W. Fuller* and *J. J. Osborne,* for defendant.

ASHE, J. The plaintiff, Brown, by the deed of trust became the owner of the notes in suit, and by its registration on the 7th of June, 1875, all creditors and subsequent purchasers became affected with notice; after that, Hastings as a creditor, was only entitled to a *pro rata* share in the distribution of the fund in the hands of Brown as trustee, provided he complied with the terms of the deed of trust, by proving his debt before the trustee; and by his assignment of the account against McMurray & Davis he could only transfer such interest as he had, nothing more. One who takes by assignment an unnegotiable instrument or a negotiable instrument past due, takes only the interest of the assignor, and is affected by all equities against him at

the time of the assignment. *Moody* v. *Sitton,* 2 Ired. Eq., 382. The assignee is never put in better condition than the assignor; he takes exactly the position of the assignor. Parsons on Contracts, 227.

The interest then which the defendant acquired by the assignment from Hastings was the right to receive from the plaintiff as trustee, whatever amount it should be found, on the final settlement of the trust, was due, as the *pro rata* share on the debt claimed by defendant by virtue of the assignment, provided he proved his claim before the trustee, as required by the terms of the deed. We therefore concur with His Honor that the defence of setoff or counter-claim set up by the defendant cannot avail him.

There is no error in the judgment rendered by His Honor on the appeal bond. It is correct, and expressly authorized by the act of 1879, ch. 68, § 1, which declares that in all appeals from judgments of justices of the peace, the appellate courts, when judgment shall be rendered against the appellant, may also give judgment against the sureties to the appeal for the amount of the judgment and the costs awarded against the appellant.

But it may be objected that this bond was given before the act of 1879 was passed and therefore it does not apply. We think differently. Prior to that act it is admitted, a summary judgment on such a bond could not be rendered against the sureties thereto. But it is a good common law bond in the usual form of appeal bonds under the old practice, upon which an action in nature of debt would now be commenced by summons and complaint. The act of 1879 gives the additional remedy of a summary judgment upon motion, which it is competent for the legislature to do, for it is now settled that the legislature may pass laws changing the remedies for the enforcement of contracts provided they do not impair the obligation of the contracts. Cooley, Const. Lim., 286; *Tabor* v. *Ward,* 83 N. C., 291.

As no error appears in the record the judgment of the superior court of Henderson is affirmed.

No error.                              Affirmed.