C. L. WILLIAMS, RECEIVER OF THE COMMERCIAL NATIONAL BANK OF WILMINGTON, N. C., v. FRED H. COLEMAN AND L. F. MITCHELL.

(Filed 28 October, 1925.)

**1. Banks and Banking — Receiver — Depositor — Debtor and Creditor — Dividends — Endorsers.**

Where a bank has discounted a negotiable note in due course before maturity with endorsement thereon, and has arranged with the endorser, secondarily liable, C. S., 3047, that he will keep on deposit a sufficient sum to pay the instrument when it should become due, and thus to be

paid therefrom, the receiver of the bank appointed after the maturity of the note stands in the same relation to the surety as the bank, or as both debtor and creditor of the surety, and as such may charge the note to the depositor's account less whatever distributive parts of the assets of the bank may be available and apportionable thereto.

**2. Appeal and Error—Issues.**

Issues tendered that are immaterial to the determination of the controversy in an action, are properly refused by the court.

APPEAL by plaintiff from *Dunn, J.*, at April Term, 1925, of NEW HANOVER. No error.

Action to recover upon note for $260, executed by defendant, Coleman, and payable to defendant, Mitchell. Mitchell transferred this note, by endorsement, for value and before maturity to the Commercial National Bank of Wilmington, N. C. Plaintiff is receiver of said bank, and has the note, which matured before his appointment on 29 December, 1922, in his possession as an asset of said bank. No payment had been made on said note prior to plaintiff's appointment as receiver. Subsequent thereto, a dividend on the deposit of defendant Mitchell in said bank, amounting to $59.86, was applied by plaintiff, with the consent of Mitchell, as a payment on said note. This application was made because of Mitchell's liability as an endorser.

This action was commenced on 13 January, 1925, against Fred H. Coleman, maker of said note, to recover $200.14, balance due thereon. On 26 January, 1925, upon motion of defendant Coleman, supported by his affidavit that he had paid the amount of the note to L. F. Mitchell, payee therein, the said L. F. Mitchell was made a party defendant.

At date of plaintiff's appointment as receiver, defendant Mitchell had on deposit in said bank the sum of $598.60. He alleges that when he first requested the bank to discount said note, it declined to do so; that subsequently he agreed with said bank that if it would discount said note, he would deposit, and keep on deposit therein, until the same was paid, a sum of money in excess of the amount of the note, and that if Coleman, the maker, did not pay the note at maturity the bank should have authority to charge the same to his account as a depositor; that the bank thereupon discounted the note; that he has fully complied with said agreement, and at date of plaintiff's appointment had on deposit the sum of $598.60, in accordance therewith. Plaintiff in his reply denies these allegations.

Since the appointment of plaintiff as receiver, Coleman has paid the amount due on the note to Mitchell; he alleges that he was induced to make said payment by certain false and fraudulent representations made to him by Mitchell; he demands judgment that plaintiff's action

as to him be dismissed and that judgment be rendered that plaintiff recover the amount due on the note of defendant Mitchell. Defendant Mitchell denies the allegations in the answer of his codefendant, and pleads his deposit as a counter-claim and set-off to the note.

The issues submitted to the jury, with their answers, are as follows:

1. At the time the Coleman note was discounted by defendant Mitchell, at the Commercial National Bank, did he have the understanding and agreement with said bank as alleged in the answer? Answer: "Yes."

2. Was defendant Coleman insolvent at the time of the failure of the Commercial National Bank on 29 December, 1922? Answer: "Yes."

Upon this verdict, it was adjudged that the note be and the same is canceled, and that plaintiff recover nothing thereon; that defendant Mitchell's claim of $598.60 against plaintiff receiver be charged with $260 as of 29 December, 1922, reducing said claim to the amount of $338.60; that defendant, Mitchell, recover of plaintiff receiver the said sum of $338.60, and that said receiver account to said Mitchell for dividends on that sum.

From this judgment plaintiff appealed to the Supreme Court.

*Rountree & Carr and Rodgers & Rodgers for plaintiff.*
*Weeks & Cox for defendant, Mitchell.*

CONNOR, J. Plaintiff's first assignment of error is the refusal of the court to submit to the jury certain issues tendered by him. These issues arise in the cross-action set up in his answer by defendant Coleman against his codefendant Mitchell. They are not material to or determinative of the action of plaintiff against defendant Mitchell. Payment by Coleman, the maker, to Mitchell, the payee, of the note, the same having been transferred by Mitchell by endorsement to the bank for value and before maturity, is not a defense to the action of the plaintiff receiver against Coleman on the note. Coleman does not rely upon such payment as a defense, and in his answer does not deny liability to plaintiff.

If the defense relied upon by Mitchell is not sustained, plaintiff is entitled to judgment on the note against Coleman, as maker and against Mitchell as endorser. The issues submitted were determinative of this defense. There was no error in refusing to submit the issues tendered by plaintiff.

Plaintiff assigns as error the instruction by the court to the jury as follows:

"The court charges you as a matter of law, that if Mitchell did have the agreement with the bank, as alleged, he would be entitled to require the bank to take payment for the $260 note out of the deposit of

$400, which was left there for that purpose, if you find by the greater weight of the evidence that there was such an agreement."

At the date of plaintiff's appointment as receiver, defendant, Mitchell, by reason of his deposit, was a creditor of the bank; by reason of his liabilty to the bank, as endorser, and under the agreement with the bank, as found by the jury, he was also a debtor. Prior to the maturity of the note, Coleman was primarily liable, and Mitchell liable only as endorser, C. S., 3047. Demand, notice of protest and nonpayment were waived by the endorser. At its maturity, the bank was authorized to charge the note to Mitchell's account as depositor, because of his liability as an endorser, with qualifications, as well as under the special agreement. Under the agreement, he had sufficient funds in the bank for the payment of the note, in full, deposited and kept there for that purpose. He had no right, prior to the maturity of the note, to withdraw said funds. Coleman having failed to pay the note, at maturity, Mitchell's deposit was immediately available for that purpose. As between Mitchell and the bank the note was paid at date of the bank's insolvency.

The right to a set-off against the receiver of a bank is to be governed by the state of things existing at the moment of insolvency and not by conditions thereafter created. 7 C. J., 746. When a receiver comes to make a settlement with a creditor of the bank he should deduct from his credit all sums for which he is a debtor, and when he settles with a debtor he should allow him credit for sums for which he is a creditor of the bank. This Court has held this rule to be in accordance with equity and justice. *Davis v. Mfg. Co.,* 114 N. C., 321; 23 L. R. A., 322; *Graham v. Warehouse Co.,* 189 N. C., 533.

"Where a depositor in an insolvent National bank had endorsed a note on which he was in fact primarily liable, and procured the bank to discount it for his benefit, he was entitled in a suit by the bank's receiver to recover the amount of the note, to set off his deposit in the bank against his liability on the note." *Williams v. Rose,* 218 Fed., 898; *Yardley v. Cothic,* 51 Fed., 506, 17 L. R. A., 462; *Scott v. Armstrong,* 146 U. S., 499, 36 L. Ed., 1059; *Yardley v. Philler,* 167 U. S., 346, 42 L. Ed., 192.

Funds for the payment of the note having been deposited with the bank, by defendant Mitchell, immediately available for that purpose at its maturity, prior to the insolvency of 'the bank, plaintiff is not entitled to recover on the note as against defendant Coleman. There was no error in the instruction of the court. Mitchell, payee of the note, having paid the bank, was entitled to the return of the note and to collect the same from Coleman, the maker.

The judgment is affirmed. We find

No error.