C. L. WILLIAMS, RECEIVER OF THE COMMERCIAL NATIONAL BANK OF WILMINGTON, v. EDGAR D. WILLIAMS.

(Filed 27 October, 1926.)

1. **Descent and Distribution—Statutes—Husband and Wife—Banks and Banking—Counterclaim—Offset—Receivers—Deposits.**

Where a husband is entitled to a child's distributive part in the personal property of his deceased wife, 3 C. S., 137(8), and she had a certain amount of money deposited in a bank since becoming insolvent and in a receiver's hands, he may not successfully set up this interest under the provisions of C. S., 521, as a counterclaim against his note, in an action by the receiver therein, until his wife's administrator has accounted for his trust or distributed the assets of his intestate's estate.

2. **Same—Executors and Administrators.**

Under the provisions of C. S., 521(2), allowing a counterclaim to be set up in an action arising on contract, matters arising also on contract between the parties, the subject of the counterclaim, must have existed at the time of bringing the action when this defense is relied upon.

**3. Same—Insolvency.**

> Where a bank has become insolvent and in the hands of a receiver, the right of its debtor to successfully set up, as a counterclaim in an action by the receiver on his note, an interest in a deposit of his deceased wife he claims as a distributee under 3 C. S., 137(8), is governed by the conditions existing at the time of the insolvency of the bank.

APPEAL by defendant from *Daniels, J.,* at December Term, 1925, of NEW HANOVER.

Controversy without action on facts agreed. The plaintiff was appointed receiver on 1 February, 1923, and afterwards brought suit to recover the balance due on a note for $325, executed by the defendant and discounted at the Commercial National Bank of Wilmington. The note was listed as an asset in the hands of the receiver, and on 23 July, 1923, the defendant paid the bank $162.50 and directed that it be credited on the note. When the receiver was appointed the defendant had on deposit in the bank $2.74 and filed a verified proof of claim which was allowed as an offset against the note. At the time of the failure the defendant's wife had on deposit in the bank $895.12, for which she filed her proof of claim on 19 March, 1923. She died on 5 July, 1923, leaving surviving her the defendant and three children, one of whom qualified as her administrator on 21 February, 1924. On 8 August, 1924, her administrator collected and receipted for the first and only dividend on her deposit, amounting to $89.51. Mrs. Williams owed no debts and the funeral expenses were paid by her husband. Upon these facts judgment was rendered against the defendant for the balance due and he excepted and appealed. Affirmed.

*H. Edmund Rogers for plaintiff.*
*Herbert McClammy for defendant.*

ADAMS, J. In the statute of distributions it is provided that if a married woman die intestate leaving a husband and more than one child, the estate shall be distributed in equal portions and the husband shall receive a child's part. 3 C. S., 137(8). The parties admit that the only question for decision is whether upon the agreed facts the defendant has the right to pay his note out of his interest in his wife's deposit—whether he can offset such interest against the demand of the bank.

A counterclaim may arise out of one of the following causes of action: 1. A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action. 2. In an action arising on contract, any other cause of action arising also on contract and existing

at the commencement of the action. C. S., 521(2). In *Smith v. French*, 141 N. C., 2, the Court said that "counterclaim" is broader in meaning than "set-off," "recoupment," or "cross-action," and includes them all, but that the counterclaim, if it arises under the second subdivision of the statute, must exist at the commencement of the action. There is nothing in the statement of facts showing that Mrs. Williams' administrator has rendered an account of his trust or distributed the assets of his intestate's estate. The defendant's "interest" as distributee is, therefore, not yet available to him, and as he has no control over it he cannot direct its application. In any event his "interest" would be subject to the limitation in the second subdivision of the statute; his alleged counterclaim did not exist at the commencement of the action. The right of set-off against the receiver of a bank is to be governed by conditions existing at the time of insolvency; and as against the receiver a debtor cannot set off a claim which is assigned to him after the bank becomes insolvent and the receiver is appointed. *Davis v. Mfg. Co.*, 114 N. C., 321; 7 C. J., 746, sec. 536.

The judgment is
Affirmed.