COMMISSIONER OF BANKS ON RELATION OF CITIZENS BANK v.
E. C. WHITE.

(Filed 2 March, 1932.)

1. **Banks and Banking H c—Where execution of note is admitted the burden is on maker to prove matters in avoidance against receiver.**

   The maker of a note to a bank, thereafter becoming insolvent, who admits his liability thereon has the burden of showing payment or of establishing a counterclaim or other matters in avoidance set up against the insolvent bank in an action brought by the Commissioner of Banks on the note.

2. **Same—In order for matter to be available as off-set against insolvent bank it must have existed in favor of claimant at time of insolvency.**

   The right to set off a claim against an insolvent bank against an amount due by the claimant to the bank is dependent on whether the bank was indebted to the claimant at the time of its receivership, and when the obligation of the bank was assigned to the claimant after the receivership there is no mutuality of obligation that would permit the allowance by the receiver of the off-set, nor can the right of subrogation be successfully maintained when the indebtedness assigned, evidenced by the receiver's certificate, arose after the date of the receivership.

3. **Same—Held: director indemnifying surety on county deposit was not entitled to off-set assignment of county funds against his note.**

   A surety company issued to a county a bond indemnifying it against loss for deposits in a certain bank, and the surety company was likewise indemnified against loss by a bond of the directors of the bank. Later the bank became insolvent and went into a receiver's hands. The surety company paid the county the amount of the bond, which covered a part

of the county deposits, and the county assigned to it the part of the deposit thus paid. The directors of the bank paid the surety company the amount of the bond on their contract to indemnify, and received an *assignment from the surety company, which they proved and re-ceived the receiver's certificate therefor.* One of the indemnifying direc-tors owed the bank a note and sought to off-set this obligation with the receiver's certificate issued to him: *Held,* at the time of the in-solvency of the bank there was no mutuality of indebtedness between the director and the bank, and the county would be entitled to pay-ment in full of the remainder of its deposit before its indemnitor or its assignee would be entitled to payment on the assigned claim, and a judgment allowing the director the off-set on the assigned claim was erroneous.

4. **Indemnity B b—Surety paying part of loss is not entitled to payment on assigned claim until person indemnified is fully paid.**

Where a surety company has paid the amount of a bond indemnifying a county against loss of deposits in a bank, and the bond covers a part of the amount of the county's deposit, and the county assigns to the surety company the amount so paid: *Held,* in order for the surety company or its assignee to be entitled to payment on the assigned claim it must be shown that the county had received payment of the full amount of the balance of its deposit.

APPEAL by plaintiff from *Frizzelle, J.,* at September Term, 1931, of CHOWAN.

The facts, as set out in the judgment, are as follows:

1. The defendant, E. C. White, is indebted to the plaintiff in the sum of $1,000, with interest from 30 April, 1931.

2. The defendant, at the request and solicitation of the plaintiff, Citizens Bank, signed an indemnity bond on or about 19 March, 1930, in which the defendant, with 9 other directors of said bank, guaranteed to protect and save harmless the Bonding Company which had issued a depository bond to the county commissioners of Chowan County.

3. The Citizens Bank closed its doors, on account of insolvency, on 27 December, 1930, and soon thereafter the bonding company was com-pelled to pay to the county the sum of $10,000, on account of the deposi-tory bond issued by the said Maryland Casualty Company which had issued such bond, and soon thereafter the said Bonding Company called upon the directors, including this defendant, to make good to it under their indemnifying bond, and the said directors were compelled to pay on account of signing said bond for the benefit of said bank the said $10,000.

4. At the time the said Citizens Bank closed its doors the county had on deposit to the credit of George Hoskins, treasurer of said county, the sum of $18,541.61. When the Bonding Company paid to the county its $10,000 the county assigned to the said Bonding Company $10,000

of its deposit in the said bank. When the directors, including this defendant, paid to the Bonding Company the $10,000 which they were required to pay under their indemnifying bond the said Bonding Company then assigned to the said directors the said $10,000 assigned to it by said county.

The liquidating agent of said Citizens Bank then assigned to each of the 9 paying directors one-ninth of the $10,000, to wit: $1,111.11, and this defendant is the owner of a certificate of proof of claim, No. 172-B, issued to him by said liquidating agent in said amount of $1,111.11.

The court further finds as a fact that at the time the said Citizens Bank closed its doors there was on deposit to the credit of George Hoskins, Treasurer of Chowan County, the sum of $18,541.61, and for the receipt by the county commissioners on their demand of the $10,000 of said amount, the Maryland Casualty Company was liable to said commissioners, and the ten directors, including this defendant, were, at that time, liable to the Bonding Company for the said amount, and the court, applying the broad principles of equity and justice to the facts in this particular case holds, as a matter of law, that the defendant is entitled to use his deposit of $1,111.11, as a set-off against plaintiff's claim of $1,000.

Upon these facts the court adjudged that the plaintiff recover of the defendant $1,000 with interest from 30 April, 1931, and that the defendant have the right of set-off against said judgment together with a claim against the bank or the liquidating agent thereof for the balance of his certificate or proof of claim. The plaintiff excepted and appealed.

*Attorney-General Brummitt, Assistant Attorney-General Seawell and W. S. Privott for plaintiff.*

*J. Fernando White for defendant.*

ADAMS, J. When the Citizens Bank closed its doors it held the defendant's promissory note on which the remainder due was one thousand dollars. The defendant admits this indebtedness and therefore has the burden of showing payment or other matters in avoidance. *Bank v. Wilson,* 124 N. C., 561. He undertakes to avoid liability by proof of the alleged counterclaim set out in the statement of facts. We are unable to see how this defense can avail him.

The county treasurer deposited in the bank $18,541.61; the Maryland Casualty Company issued its depository bond in the sum of $10,000 to indemnify the county; the defendant and other directors executed a bond to save the bonding company from loss. After the bank had failed

the Casualty Company paid the county $10,000. It is said that the county then assigned to this company $10,000 of its deposit in the bank, that some of the directors reimbursed the company, and that the company assigned to the directors "the $10,000 assigned to it by the county." Afterwards, the liquidating agent of the bank issued to the nine paying directors certificates showing proof of their claims, each in the sum of $1,111.11. The defendant sets up his certificate against the indebtedness of the bank.

There are several barriers in his way. In the first place, his counterclaim did not exist at the time the bank failed. He then owed the bank $1,000 and the bank owed him nothing. Between them there was no mutuality of demand.

On account of insolvency the bank went out of business on 27 December, 1930. On that day was the defendant its creditor? In *Davis v. Mfg. Co.,* 114 N. C., 321, 329, it is said that creditors of an insolvent bank are those to whom the bank is indebted at the time of its failure, and that if one who is then indebted to the bank afterwards takes the assignment of a claim against it he will not be allowed to use the assigned claim as a set-off. The defendant derives his claim from the assignment of the bonding company. If the bonding company had presented its claim to the plaintiff it would not have been entitled to more than a pro rata part in the distribution of the bank's assets. *Brown v. Brittain,* 84 N. C., 552. The defendant succeeds to no greater rights than his assignor had. The right of set-off against the commissioner of banks is to be governed by conditions existing at the time of insolvency; and as against the commissioner a debtor cannot set up a claim which is assigned to him after the bank becomes insolvent and the commissioner or a liquidating agent takes charge of its assets. *Williams v. Williams,* 192 N. C., 405.

In the second place, there is no proof that the county's claim has been fully paid. It is credited with the payment of $10,000 only. Until the whole amount is paid the county is entitled as against the bank to dividends on $18,541.61, the sum of its deposits. *Brown v. Merchants' Bank,* 79 N. C., 244; *Winston v. Biggs,* 117 N. C., 206; *Bank v. Flippen,* 158 N. C., 334; *Milling Co. v. Stevenson Co.,* 161 N. C., 510. If the defendant's counterclaim is allowed the dividends paid the county will be reduced *pro tanto.*

It will be observed by applying this principle that the Maryland Casualty Company could not share in the assets of the bank until the amount due the county had been fully paid. In *Jenkins v. National Surety Co.,* 277 U. S., 258, 72 L. Ed., 874, it is said: "If the principal is insolvent, any dividends paid the surety on its claim for indemnity

before the creditor's whole claim has been satisfied would decrease the creditor's dividends by his proportionate share of the payments to the surety. They would also result in a species of double proof, detrimental to the principal's other creditors, for the secured creditors would, under the applicable 'chancery rule,' still be entitled to dividends on his entire original claim." The opinion is in recognition of the doctrine that the surety may not claim subrogation against an insolvent debtor until the creditor is paid in full.

The plaintiff is entitled to recover the amount due on his note without any set-off or counterclaim in favor of the defendant.

Error.