In re THE MERCHANTS BANK OF DURHAM, NORTH CAROLINA.

(MATTER RELATING TO THE APPLICATION OF A DEPOSIT OF ROYCROFT'S WAREHOUSE AND H. T. ROYCROFT WHICH WAS IN THE MERCHANTS BANK OF DURHAM, N. C., WHEN THE SAME CLOSED ON 4 JANUARY, 1932, AND WAS TAKEN OVER BY GURNEY P. HOOD, NORTH CAROLINA COMMISSIONER OF BANKS.)

(Filed 5 April, 1933.)

1. Banks and Banking H e—

A depositor in a bank later becoming insolvent may direct the receiver to apply his deposit to certain of his notes to relieve the endorsers thereon of liability, rather than to his note secured by collateral.

**2. Judgments L b—Order directing receiver to apply deposit to certain notes held not to bar subsequent action to compel such application.**

Where in an action against the receiver of a bank the main question decided is that the plaintiff individually owned a deposit in the bank, and an order is entered to that effect and directing the receiver to apply the deposit to certain notes of the depositor, upon the receiver's refusal to apply the deposit as directed, the order in the action will not bar the depositor from bringing a subsequent action to compel the application of the deposit to the notes as directed.

APPEAL by respondent Gurney P. Hood, North Carolina Commissioner of Banks, ex rel. The Merchants Bank of Durham, N. C., from *Barnhill, J.,* at Chambers, at Fall Term, 1932, of DURHAM. Affirmed.

The order of Judge Barnhill, is as follows: "This cause coming on to be heard before the undersigned judge presiding in the Tenth Judicial District, upon the petition of H. T. Roycroft filed herein, and answer filed by the liquidating agent of the Merchants Bank of Durham, N. C., and it appearing to the court that at the time of the closing of said bank H. T. Roycroft, who was trading and doing business under the style and firm name of 'Roycroft Warehouse,' had on deposit in said bank approximately $2,300, and that subsequent to the closing of said bank an order was made by the judge then presiding in the Tenth Judicial District, directing that the money on deposit to the credit of 'Roycroft Warehouse' be applied in payment of notes of H. T. Roycroft held by the Merchants Bank of Durham, N. C.; and it appearing to the court that prior to the signing of said order, the petitioner had requested D. F. Siler, liquidating agent of said bank, to apply the amount on deposit to the said 'Roycroft Warehouse' as a credit on the two notes which the petitioner had in said The Merchants Bank of Durham, N. C., in the sum of $1,100, one of which said notes was signed by W. A. Hinton, and the other of said notes signed by K. O. Veasey; and it further appearing to the court that said liquidating agent refused to credit the deposit on said notes of $1,100 as requested, but credited said deposit on a note of $15,000 which the said H. T. Roycroft had in said bank, which was secured by a deed of trust on the home of the said H. T. Roycroft and a farm in Granville County. It is now, therefore, ordered, adjudged and decreed, that the present liquidating agent of the said bank be and he is hereby authorized and directed to reverse the credit so made on said note of $15,000, and that the amount on deposit to the credit of 'Roycroft Warehouse' at the date of the closing of said bank be first credited on the note of H. T. Roycroft for $1,100 signed by W. A. Hinton, and the note of H. T. Roycroft for $1,100 signed by K. O. Veasey, and that after so crediting the said notes, that if any balance remains to the credit of the said 'Roycroft Warehouse,' that said

amount be credited to the note of $15,000 hereinbefore referred to. It is further ordered that the costs of this petition be paid by the liquidating agent."

The respondent excepted and assigned error to the judgment as signed and appealed to the Supreme Court.

*Brawley & Gantt for respondent, appellant.*
*Fuller, Reade & Fuller for petitioner, appellee.*

CLARKSON, J. The petitioner H. T. Roycroft had on deposit in the Merchants Bank of Durham, N. C., when it closed its doors and was taken over by the liquidating agent of the Commissioner of Banks, the sum of $2,136.64. It was in the name of *Roycroft Warehouse.* The evidence, undisputed, is that the deposit belonged to H. T. Roycroft individually. Roycroft also owed notes to the bank as follows: (1) ·$1,100 endorsed by W. A. Hinton, (2) $1,100 endorsed by K. O. Veasey. The endorsers had no security. (3) Note for $15,000 which is secured by a deed of trust on Roycroft's home in the city of Durham, N. C., and a farm of 179 acres in Granville County, N. C., which Roycroft in his affidavit stated "in the opinion of your petitioner said note is adequately secured."

To relieve his endorsers on the two notes of $1,100 each, Roycroft requested and directed that the $2,136.64 on deposit in the insolvent bank be applied on these two notes, which was refused by respondent appellant. The court below found the facts and we think there was sufficient competent evidence to sustain the findings and directed the $2,136.64 to be credited, as requested and directed by Roycroft. We do not think the exception and assignment of error made by respondent, appellant, Commissioner of Banks, can be sustained.

The question involved, as set forth by respondent, appellant, is as follows: "Whether or not a person (H. T. Roycroft, petitioner herein) has the right to have his deposit in an insolvent bank applied on a note or notes as he directs; said notes being owned and held by the bank." We think so.

In *Dameron v. Carpenter,* 190 N. C., at p. 598, citing many authorities, the law is thus stated: "A set-off is in the nature of a payment or credit when the debts are mutual. . . . Set-off exists in mutual debts, independent of the statute of set-off. Its flexible character is used in equity to prevent injustice."

In *Coburn v. Carstarphen,* 194 N. C., at p. 370, speaking to the subject, we find: "In *Davis v. Mfg. Co.,* 114 N. C., 321, it was held that an endorser on a note held by an insolvent bank against an insolvent principal, upon which the receiver had brought suit is entitled to avail

himself of his claim against the bank, upon a certificate of deposit issued by the bank, and held by him at the date of the bank's insolvency. In *Trust Co. v. Spencer,* 193 N. C., 745, it was held by this Court that a bank, notwithstanding that it had taken a note signed by the directors of a corporation which had become insolvent, in payment of the corporation's note to it, retaining, however, the corporation's note as collateral security for the note of the directors, had a right to apply a deposit to the credit of the insolvent corporation as a payment on the indebtedness for which the bank held the directors' note."

In the *Coburn case, supra,* it was held: "While ordinarily the right of equitable set-off does not exist where there is a want of mutuality or the one claiming it has no right of action against the other in his own name, this principle is not applicable to county funds officially deposited in a bank since in a receiver's hands, and for which the depositor officially remains liable to the county, and he may offset his personal liability to the bank with the amount he may receive as a depositor of the county funds." See *Burns v. Trust Co.,* 200 N. C., 260.

This very matter has been decided by the Supreme Court of Arkansas, *Hughes v. Garrett,* 234 S. W., p. 265: It is there held: "When a bank failed, and had made no appropriation of a general deposit to the payment of notes of the depositor due to the bank, the depositor may direct the receiver to apply the deposit on a note chosen by the depositor, and the remainder on other notes. Upon a bank becoming insolvent, a depositor indebted to the bank may set off the amount of his deposit in an action by the receiver or assignee to recover the indebtedness due the bank."

We think the order of the former judge was primarily to settle the fact that "H. T. Roycroft" was the owner of the deposit in the name of "Roycroft Warehouse." The liquidating agent did not do what the order stated and the court below on the evidence was fully justified in finding: "It appearing to the court that prior to the signing of said order, the petitioner had requested D. F. Siler, liquidating agent of said bank, to apply the amount on deposit to the said 'Roycroft Warehouse' as a credit on the two notes which the petitioner had in said The Merchants Bank of Durham, N. C., in the sum of $1,100, one of which said notes was signed by W. A. Hinton and the other of said notes signed by K. O. Veasey," etc.

We can see no estoppel in the order of the former judge, as argued by counsel for respondent. In fact, the question in respondent's brief does not raise this point, as will be seen from the question involved as set forth in respondent's brief which we quote above. For the reasons given, the judgment of the court below is

Affirmed.