### IN RE BANK OF SAMPSON.

(Filed 1 November, 1933.)

**1. Set-Off A b—**

As a general rule, joint and separate debts, or debts accruing in different rights, are not allowed to be set off against each other, due to want of mutuality.

**2. Banks and Banking H d — Partnership account may not be set off against debt due insolvent bank by member of partnership.**

A partnership deposit may not be set off against a debt due the bank by one of the partners upon demand of both partners made after the insolvency of the bank, the demand being in effect an assignment of the deposit after insolvency, entitling the assignee only to a pro rata distribution in the bank's assets.

**3. Same—Unexercised license to bank cashier to charge partner's debt to partnership account held not to affect right to set-off.**

The fact that the cashier of a bank is given license to charge a debt due the bank by a member of a partnership to the partnership account at any time does not affect the rule that after insolvency of the bank the partnership account may not be used as an off-set against one partner's debt to the bank, the license not having been exercised while the cashier had authority to act.

APPEAL by petitioners from *Harris, J.,* at March Term, 1933, of SAMPSON.

Petition filed in insolvent bank liquidation by partners to set off partnership deposit against individual indebtedness of one of the partners.

The petition was heard by the court, without the intervention of a jury, upon facts agreed or found without objection:

1. That Bank of Sampson, a State banking corporation, was placed in the hands of the defendant as liquidating agent, on account of insolvency, 22 June, 1931.

2. The Clinton Hardware Company, a solvent partnership composed of R. H. and H. J. Hubbard, both of whom are also solvent, had on deposit with said bank at the time of its closing the sum of $454.98.

3. One of the partners, R. H. Hubbard, is indebted to the Bank of Sampson, by note given long before its insolvency, in the sum of $500. At the time of the original execution of said note (subsequently renewed from time to time), "R. H. Hubbard gave the cashier of the bank license to charge the note to the partnership deposit any time the bank should need the money, by making the following statement to the cashier: 'At any time the bank needs the money, you can draw on the partnership account at the bank and pay the note.' The other partner, H. J. Hubbard, was aware of the above license to charge the note to the partnership deposit."

4. At various times while this note, or a renewal thereof, was outstanding, the credit balance of the partnership deposit fell below the amount of said note, and at one time was overdrawn, but the average balance was more than the amount of said note.

5. Both members of the partnership firm have demanded that the partnership deposit of $454.98 be set off against the individual indebtedness of R. H. Hubbard represented by the $500 note.

The court being of opinion that the petitioners are not entitled to the set-off demanded, dismissed the petition, and they appeal.

*Cyrus M. Faircloth and H. H. Hubbard for petitioners.*
*J. D. Johnson, Jr., and C. I. Taylor for respondent.*

STACY, C. J. Depositors who are also borrowers are allowed to set off their deposits in closed banks against their obligations to said banks, because both claims exist between the same parties and in the same right. *In re Bank,* 204 N. C., 472, 168 S. E., 676; *Coburn v. Carstarphen,* 194 N. C., 368, 139 S. E., 596; *Williams v. Coleman,* 190 N. C., 368, 129 S. E., 818; *Davis v. Mfg. Co.,* 114 N. C., 321, 19 S. E., 371; Note, 25 A. L. R., 938; 3 R. C. L., 529; 7 C. J., 745. But this is as far as the doctrine of set-off has been applied in the liquidation of insolvent banks. *Indemnity Co. v. Corp. Com.,* 197 N. C., 562, 150 S. E., 16; 7 C. J., 658.

In re Bank.

Ordinarily, a partnership account may not be set off against the individual indebtedness of one of the partners even as between solvent debtors and creditors, because of the absence of mutuality. *Hodgin v. Bank,* 124 N. C., 540, 32 S. E., 887; *Strauss v. Frederick,* 91 N. C., 121. *A fortiori,* such set-off would not be available after insolvency when the rights of third parties have intervened. 34 Cyc., 736-737; 57 C. J., 464. Mutuality is essential to set-off. *Dameron v. Carpenter,* 190 N. C., 595, 130 S. E., 328; *Bank v. Winslow,* 193 N. C., 470, 137 S. E., 320. "Such right of set-off only exists between the same parties and in the same right." *Adams v. Bank,* 113 N. C., 332, 18 S. E., 513. "Where the debts are not due to and from the same persons in the same capacity the right of set-off does not exist." 7 C. J., 745.

In *Cotton v. Evans,* 21 N. C., 284, suit was brought against a partnership firm by assignee of insolvent creditor. The defendant sought to set off an individual claim of one of the partners against the assignor: *Held* that such a set-off was not good against the claim of the assignee where there had been an assignment to bona fide creditors.

As a general rule, joint and separate debts, or debts accruing in different rights, are not allowed to be set off against each other, due to want of mutuality. 34 Cyc., 727; 57 C. J., 462. The practice may be otherwise in Pennsylvania, *Montz v. Morris,* 89 Pa., 392, and Maine, *Collins v. Campbell,* 97 Me., 23, 53 A., 837, 94 A. S. R., 458.

Speaking to the identical question, here presented, in *Fralick v. Coeur D'Alene Bank & Trust Co.,* 35 Idaho, 749, 208 Pac., 835, 27 A. L. R., 110, *Budge, J.,* delivering the opinion of the Court, said:

"We are of the opinion that the court was right in holding that the deposit which stood to the credit of the firm of Reed and Boughton could not be set off against the individual indebtedness of either Reed or Boughton, by the special deputy. We think the rule to be as stated in the case of *Re Van Allen,* 37 Barb., 225, at 230, 231: 'Where the debts are not due to and from the same persons in the same capacity, the right of set-off does not exist. Therefore, where, on the one side, the debt due to the bank is due from a firm, . . . and the credit belongs to an individual, or vice versa, equity does not require or justify an application of the rule of set-off. It cannot be said, in any just sense, that these are mutual debts or credits. . . . The rights of the receiver become fixed at the time of his appointment; the rights of creditors of the bank represented by him then attach. . .. . Parties must stand or fall by the condition of things in existence at the time of the appointment of the receiver, unless special equities exist.'

"The question presented here seems to have been squarely passed upon in the case of *International Bank v. Jones,* 119 Ill., 407, 9 N. E., 885, where the Court said: 'The general rule is that a bank has a right of

set-off, as against a deposit, only when the individual, who is both depositor and debtor, stands in both these characters alike, in precisely the same relation, and on precisely the same footing towards the bank, and hence an individual deposit cannot be set off against a partnership debt.'

"The converse rule is likewise true, that a partnership deposit cannot be set off against an individual debt. Neither, in our opinion, do the facts in this case fall within the exception, to the effect that the rule that mutuality is essential to the validity of a set-off does not apply where it is necessary to allow a set-off to do complete equity, or to prevent irremediable injustice. The firm of Reed and Boughton were depositors along with other depositors, and will suffer no greater injustice, in so far as their deposit is concerned, than others like situated."

It is true that a creditor or depositor may assign his claim against, or deposit in, an insolvent bank, but the assignee would take only the right assigned, *i. e.,* the right to share pro rata with others of his class in the distribution of the trust estate. *Brown v. Brittain,* 84 N. C., 552. And if the assignee is himself a debtor of the bank, he will not be allowed to use the assigned claim as a set-off. *Comr. of Banks v. White,* 202 N. C., 311, 162 S. E., 736; *Davis v. Mfg. Co., supra.* For, to do so would be to give the assignee a greater right than the assignor had. *Brown v. Brittain, supra;* 7 C. J., 746.

The demand of both partners that the partnership account be set off against the individual indebtedness of one of the partners is no more than an assignment of the partnership account to the individual partner; and as the individual partner or assignee here is already a debtor of the bank, he may not use the claim so assigned as a set-off. *Williams v. Williams,* 192 N. C., 405, 135 S. E., 39; *Davis v. Mfg. Co., supra.*

In a South Carolina case, *Bank v. Allen,* 146 S. C., 167, 143 S. E., 646, practically on all-fours with the one at bar, it was held (as stated in 2 and 3 head-notes):

2. "A debtor of an insolvent bank will not be permitted to set off against his debt a claim for deposit assigned to him after insolvency of bank.

3. "Assignment of interest in partnership deposit to partner indebted to bank, made after bank's insolvency, did not give to assignee the right of set-off against his individual debt for the interest so assigned to him."

No importance is attached to the license given the cashier to draw on the partnership account and pay the note in case the bank needed the money, for the privilege or license was never exercised while the cashier had authority to act. 37 C. J., 289.

The ruling of the trial court is accordant with the decisions on the subject and will be upheld.

Affirmed.