ARCHER-DANIELS-MIDLAND COMPANY v. SOUTHERN PAINT AND
GLASS COMPANY ET AL.

(Filed 24 January, 1934.)

**1. Appeal and Error E g—**

The record on appeal imports verity.

**2. Appeal and Error E b—**

Where the evidence is not in the record and there is nothing therein to show that the charge of the court was erroneous, the charge will be presumed correct.

**3. Guaranty C c: Payment B b—Creditor held entitled to apply payment to unsecured debt as against guarantors of debtor.**

The creditor received payment from the debtor and applied same to the debtor's unsecured note and not to the debt guaranteed by defendants. *Held*, as between the creditor and the guarantors the creditor had the right to so apply the payment.

APPEAL by W. K. Rand and C. F. Delamar from *Devin, J.,* and a jury, at September Term, 1933, of DURHAM. No error.

On 15 June, 1929, the plaintiff and defendant Southern Paint and Glass Company entered into a contract whereby the plaintiff agreed to consign and deliver a stock of linseed oil to the said defendant, providing that the stock so sold and delivered would be replenished from time to time. The contract provided that the Southern Paint and Glass Company should make weekly written reports of the oil sold or used—the same to be then invoiced at the price in force at the time, the said invoices to be payable in thirty days.

The following guaranty was made:

"Southern Paint and Glass Company, Incorporated.
Wholesale and Retail Paint Merchants, Glass and Builders' Specialties.
Phone J-1241—105 Parrish Street.

West Durham, N. C., 3 June, 1929.
Archer-Daniels Midland Co., Minneapolis, Minn.

Gentlemen: We, the undersigned, agree to guarantee the account of the Southern Paint and Glass Company to Archer-Daniels Midland Company up to the sum of $3,000.

This is to cover the initial shipment of one carload of raw oil (70) drums on consignment. C. F. Delamar, E. C. Smith, W. K. Rand."
(Filed—12/30/30.)

The issue submitted to the jury and their answer thereto is as follows:
"In what amount, if any, are the defendants, W. K. Rand and C. F. Delamar, indebted to the plaintiff? Answer: $301.50 and interest from 25 October, 1930."

Judgment was rendered on the verdict in the court below. The defendants made certain exceptions and assignments of error which will be considered in the opinion.

*R. H. Sykes for plaintiff.*
*Hedrick & Hall for defendants.*

CLARKSON, J. The evidence is not set forth in the record, but what is in the record imports verity. The defendants excepted and assigned error to the following portion of the charge below which cannot be sustained:

"The court charges you, if you find the facts to be true as testified, reduce the liability of the guarantors to $303.00, and it appears from examination of the account that there was an erroneous charge of $1.50, that is protest fees on a protested check which was charged twice, which would leave the amount $301.50, for which, if you find the facts to be true as testified, the guarantors would be liable."

This Court must take the charge as given to be correct as the evidence is not in the record and there is nothing to show on the record to the contrary.

The guaranty says "up to the sum of $3,000." The presumption from the record is that the $301.50 was within the $3,000 guaranty—we need not consider from the present record whether the $3,000 was a "continuing guaranty." This matter has been fully considered in *Novelty Co. v. Andrews,* 188 N. C., 59; *Presbyterian Board of Publication and S. S. Work v. Gilliford,* 139 Ind., 524; *Stagg v. Power Co.,* 171 N. C., 583.

The next exception and assignment of error to the charge cannot be sustained:

"It appears in evidence that subsequent to the filing of these pleadings and within the past few months that the plaintiff has received from the receiver of the Southern Paint and Glass Company, $97.00, but having the notes in the sum of $978.00, the court charges you that they would have the right to credit the $97.00 on those notes. So that if you find the facts to be true as testified and as shown by these admissions, you would answer this issue $301.50 with interest from 27 October, 1930."

We see no error in the application of the $97.00. *Stone v. Rich,* 160 N. C., 161; *Supply Co. v. Plumbing Co.,* 195 N. C., p. 633; *In re Bank,* 204 N. C., 472. 28 C. J. (Guaranty), p. 1005, in part is as follows:

"In accordance with the rules relating to the application of payments in general, where a creditor has several debts against another, or one debt consisting of different items, part of which is guaranteed, the guarantor, as a general rule, cannot control a payment made by the debtor or a fund in the creditor's hands belonging to the debtor, and require that it be applied to the part covered by his guaranty, especially where an agreement between the debtor and creditor provides for a different application. But the debtor in making payment may apply it to either debt, or part thereof, he chooses, provided this application is made at the time of payment; or if the payment is made generally without any designation as to where it is to be applied, the creditor may, as he elects, apply it to either a guaranteed or an unguaranteed debt."

We think that as between the plaintiff and these guarantors the plaintiff had the right to make the application. For the reasons given, we see no error in the judgment of the court below.

No error.