BOARDMAN, Judge.
The trial court awarded child support ar-rearages and ordered appellant husband to continue paying $100 per week support for his five children pursuant to a decree of modification of the original divorce decree entered in 1972. We reverse.
Two of the children were over nineteen years of age and three of the children were under age nineteen at the time of the entry of the trial court’s order. The 1972 modification decree was entered pursuant to a stipulation that the husband was to pay $100 per week child support, “said sum to be proportionately reduced when and as each such child ceases to be maintained by the mother during the minor dependency of said child, or thereafter.” The wife sought an increase in child support, but the trial court granted - the husband’s motion to strike the wife’s motion for an increase.
The status of a person, i. e., the age of majority, is established by the law of the domicile of that person. 10 Fla.Jur.2d Conflict of Laws § 6 (1979); 16 Am.Jur.2d Conflict of Laws § 12 (1979). The children of the parties here are domiciled in Alabama, and under the law of that state one attains the status of an adult at age nineteen and loses his or her claim to child support. Ala.Code 1975 tit. xxvi, ch. 1, § i; Davenport v. Davenport, 356 So.2d 205 (Ala.Civ.App.1978). Thus the trial court erred in refusing to proportionately reduce the weekly child support amount to reflect the termination of the husband’s duty to support Lee Ann and Karin Lynette, both of whom were over nineteen on the date of the trial court’s order entered on March 22, 1979, nunc pro tunc to February 14, 1979.
We find no merit to the other issues raised by the husband.
Accordingly, the trial court’s order is REVERSED. The cause is REMANDED with directions to reduce the future payment amount to $60 per week and to reduce the amount of arrearages by $20 per week from the date of Lee Ann’s nineteenth birthday to the date of her marriage (from which time the husband was given appropriate credit on the arrearage amount) and by a further $20 per week from the date of Karin Lynette’s nineteenth birthday to the date of the trial court’s order.
GRIMES, C. J., and SCHEB, J., concur.