ALMA CHRISTINE BOYLES v. PAUL W. BOYLES

No. 8310SC1089

(Filed 18 September 1984)

1. **Divorce and Alimony § 21— waiver of alimony—instruction properly refused**

     The trial court did not err in refusing to instruct upon and to submit to the jury the issue of plaintiff's waiver of alimony, nor did the court err in instructing the jury that there was insufficient evidence of waiver to justify such a finding.

2. **Divorce and Alimony § 24.10— change in age of majority—father's obligation to support until age 21**

     Defendant was not relieved of his obligation to pay child support until his children reached 21 because the age of majority changed from 21 to 18 years under the laws of the state where the children were domiciled, since the parties' divorce decree was a closed support order; it defined a definite termination date; and under Florida law the husband remained bound to pay child support until each child reached 21 because the statute lowering the age of majority to 18 years operated prospectively, not retrospectively, and did not affect pre-existing rights.

3. **Divorce and Alimony § 24.1— room and board for college students—orthodontic expense—father's support obligation**

     Defendant was not entitled to a credit for payment of room and board expenses for his children while they were in college, since, pursuant to the parties' separation agreement incorporated into the divorce decree, defendant was required to pay the tuition and other expenses incidental to a college education for each of the children so long as they made passing grades; moreover, orthodontic care for one of the children was a legitimate dental expense which defendant was required to pay.

APPEAL by defendant from *Fountain, Judge.* Judgment entered 1 June 1983 in Superior Court, WAKE County. Heard in the Court of Appeals 22 August 1984.

In this civil action, Alma Christine Boyles, as plaintiff, seeks relief from defendant for (1) alimony arrearages from October 1962 through April 1981; (2) unpaid medical and dental bills for the parties' children; and (3) unpaid child support. From judgment entered on the verdict awarding plaintiff $24,000 for unpaid alimony, $1,850 for orthodonture for one child, and nothing for child support, defendant appeals.

Paul W. Boyles and Alma Christine Boyles were divorced on 19 October 1962 by the Circuit Court of the Eleventh Judicial Circuit, Dade County, Florida. The final decree of divorce which incorporated a separation agreement required that Paul Boyles pay Alma Boyles the sum of $200 per month in alimony so long as Alma Boyles remained unmarried, $400 per month for support and maintenance of the minor children until each child reached the age of 21 years, and all medical and dental expenses along with tuition and incidental expenses for a college education.

In 1965 plaintiff filed a Uniform Reciprocal Support Act petition against the defendant in Pennsylvania seeking an increase in child support. The monthly payment was increased to $500. In 1968 another order in the Pennsylvania court increased the monthly child support obligations to $600. Defendant ceased paying alimony around April 1966.

The jury award of alimony in the sum of $24,000 covered a ten-year period prior to verdict, the remaining claim being barred by the statute of limitations. The orthodonture award of $1,850 covered treatment for one child.

*DeBank, McDaniel, Heidgerd, Holbrook and Anderson, by Douglas F. DeBank for plaintiff appellee.*

*Sanford, Adams, McCullough and Beard, by Charles H. Montgomery and Nancy H. Hemphill for defendant appellant.*

HILL, Judge.

Defendant Paul W. Boyles brings forth six assignments of error concerning instructions to the jury, rulings on motions for directed verdicts, and rulings on testimonial objections. We have examined each of the assignments and find no basis for reversal.

[1] Defendant first contends that because defendant pled and presented evidence by which he attempted to show that plaintiff had waived her right to alimony, the trial judge committed error in refusing to instruct upon and to submit to the jury the issue of plaintiff's waiver of alimony. Instead the trial judge instructed the jury there was insufficient evidence of waiver to justify such a finding. Defendant further contends that in so instructing the jury the judge expressed an opinion as to the facts which unfairly prejudiced the defendant. Defendant bases his contentions of waiver on two sets of circumstances.

First, defendant claims plaintiff waived alimony on the process of a 1965 reciprocal support action filed in Pennsylvania through an agreement to relinquish her claims for alimony in consideration of child support being raised to $500 per month. Defendant also contends that plaintiff's delay of fourteen years in moving to enforce a default judgment was further evidence of waiver. See *Colonial Penn Communities, Inc. v. Crosley,* 443 So. 2d 1030 (Fla. 5th DCA 1983). The evidence is not supportive of plaintiff's waiver. On the contrary, the evidence indicates that plaintiff never waived her right to alimony either by agreement or by delay. Defendant said he tried to work out an agreement through the district attorney's office in Pennsylvania, and the district attorney said that plaintiff agreed. Defendant received a letter from the district attorney's office, but as far as he knew there was no court order stipulating to that effect. Indeed, the order increasing the award of child support is totally silent of any waiver of alimony by the wife, nor does the record reveal any agreement constituting a waiver of alimony by plaintiff. Evidence tends to show that the increase in child support to $500 per

month was due to plaintiff's agreement that defendant have the children for six weeks visitation during the summer. Also, in April of 1971, plaintiff secured by way of a motion in the cause in the Florida divorce proceeding, a default judgment against defendant for unpaid alimony arrearages through April 1971. *Boyles v. Boyles*, 308 N.C. 488, 302 S.E. 2d 790 (1983).

Second, defendant contends plaintiff lost her rights to alimony due to his belief that she was cohabitating with another man. Defendant testified that in April 1966 he unexpectedly called at his wife's home in Florida. The door was opened by a man wearing underwear, who told the defendant that he owned the property and was the new father. Claiming the plaintiff had remarried, defendant stopped paying alimony. This evidence was rebutted by the wife and children who stated that the man was a friend of the family and never spent the night at their home when the mother was present. The wife further testified that she had not remarried since her divorce from defendant.

The trial judge in his charge to the jury set out defendant's contentions concerning the purported waiver of claim for alimony and the defendant's refusal to pay because of his purported belief that his wife had remarried, and thereafter advised the jury there was insufficient evidence to justify a finding of waiver or that plaintiff was married. We believe the trial judge was correct in refusing to instruct upon and submit to the jury the issue of plaintiff's alleged waiver of alimony. As stated by Justice Rodman in *Chisholm v. Hall*, 255 N.C. 374, 376, 121 S.E. 2d 726, 728 (1961):

> When all the evidence offered suffices, if true, to establish the controverted fact, the court may give a peremptory instruction—that is, if the jury find the facts to be as all the evidence tends to show, it will answer the inquiry in an indicated manner.

We believe the trial judge properly gave the peremptory instruction to the jury on the alimony issue and did not express any opinion on the facts of the case.

[2] Defendant next contends that his obligation to pay child support under the separation agreement ceased as each child reached eighteen years of age because the age of majority changed from twenty-one to eighteen years in 1973 under Florida law. See Fla.

Stat. § 1.01(14). Florida is the place of domicile of the children and the law of Florida controls. *Clingan v. Duffey*, 381 So. 2d 303 (Fla. 2d DCA 1980). The trial judge permitted the defendant to show overpayment totalling $3,460 for several months during which certain of the children had become twenty-one and defendant had continued to make the $400 payment thereafter. However, the trial judge denied defendant the right to exclude sums paid for each child upon attaining the age of eighteen years which defendant assigns as error.

The final decree of divorce provided that

[a]s each child reaches the age of twenty-one years, marries or becomes independent, the child support for that particular child shall cease and the sum of $400.00 shall be decreased proportionately in accordance with the number of children remaining.

This order is a closed support order; it defines a definite termination date, and under Florida law the husband remains bound to pay child support until each child reaches his twenty-first birthday, because the statute which lowers the age of majority to eighteen years operates prospectively, not retrospectively, and does not affect pre-existing rights. *Field v. Field*, 291 So. 2d 654 (Fla. 2d DCA 1974). Thus, the trial judge correctly denied defendant the right to exclude sums paid for each child upon reaching the age of eighteen years. The trial judge also correctly allowed the $3,460 to be considered as a setoff against the $3,700 claimed by the plaintiff for delinquent child support, and the jury awarded plaintiff nothing on the child support issue.

[3] Defendant next contends the trial court erred in refusing to allow defendant to testify about the amount of money he paid for his children's college expenses. At trial he offered to show that in addition to paying his children's tuition, fees, books and other incidental educational expenses, he paid over $24,000 for their college room and board. During most of this time he was also paying $600 per month child support to plaintiff. He contends payment of room and board expenses was in excess of that provided for in the agreement, and that he was entitled to credit for those amounts. See *Mooty v. Mooty*, 179 So. 155 (Fla. 1938). We find no merit to this assignment of error. Under the separation agreement incorporated into the divorce decree, the defendant was re-

quired to pay the tuition and other expenses incidental to a college education for each of the children so long as they made passing grades. Room and board are expenses incidental, even necessary, to obtaining a college education.

Lastly, defendant contends the court erred in denying his motion for directed verdict and judgment notwithstanding the verdict on the issue of dental expenses. The separation agreement incorporated into the final judgment provided that defendant would pay "all medical and dental expenses of the minor children." The plaintiff presented competent evidence that one of the children suffered a severe maxillary protrusion, producing an overbite, that required orthodontic care. We conclude it to be a legitimate dental expense.

For the reasons set out herein we find no error by the judge in denying defendant's motion for directed verdict on the issue of defendant's overpayment of child support and entitlement to a set-off. And we find no error by the court in refusing to instruct the jury on the issue of defendant's right to a credit or setoff of defendant's alleged overpayment of child support against the plaintiff's claim for alimony. The suit for alimony inures to the benefit of the wife, while child support is for the child even though paid to the spouse for proper disbursement. There is a lack of mutuality in the rights to the monies. See *In re Bank*, 205 N.C. 333, 171 S.E. 436 (1933).

For the reasons stated, the decision of the trial judge is

Affirmed.

Judges BECTON and BRASWELL concur.