LANDON W. SLOAN, JR. AND WIFE, PHYLLIS FAY SLOAN, PLAINTIFFS V.
MILLER BUILDING CORPORATION, DEFENDANT

No. COA96-1464

(Filed 2 December 1997)

## 1. Limitations, Repose, and Laches § 45 (NCI4th)— loss of consortium—derivative action—voluntary dismissal of primary action—statute of limitations tolled

Defendant's motion to dismiss Ms. Sloan's claim as being barred by the statute of limitations was properly denied where Mr. Sloan was injured at a construction site on 21 October 1985; the three year statute of limitations for Ms. Sloan's loss of consortium action would ordinarily have run on 21 October 1988, but Mr. Sloan's action was voluntarily dismissed without prejudice on 10 October 1988; and plaintiffs filed their complaint in this action, including the loss of consortium claim, on 6 October 1989. The effect of the voluntary dismissal was also to extend the time within which Ms. Sloan could assert her derivative cause of action because the action for loss of consortium was required to be joined with the personal injury claim.

## 2. Negligence § 127 (NCI4th)— construction site—fall from building—no barrier protection—willful or wanton negligence

The trial court did not err in a negligence action arising from an injury at a construction site by denying defendant's motion for directed verdict on the issue of willful or wanton negligence. The legal question presented by defendant's motion for directed verdict is essentially the same as that presented by its motion for summary judgment, where another panel of the Court of Appeals determined that plaintiffs had forecast sufficient evidence of willful and wanton negligence for reasonable jurors to differ on the question of whether the conduct of defendant was sufficient to overcome the bar of plaintiff's contributory negligence. Examining the evidence to see whether it was the same as was forecast at the summary judgment stage, it was sufficient for reasonable jurors to find that defendant was willfully or wantonly negligent.

**3. Negligence § 169 (NCI4th)— willful or wanton negligence—instructions**

The trial court did not err in a negligence action arising from an injury at a construction site by instructing the jury that it was sufficient to find that defendant's conduct was willful or wanton. The instruction was requested by plaintiff and is a correct statement of the law; it is not required that the jury find that a defendant's conduct be both willful negligence and wanton negligence to overcome the bar of contributory negligence. When a party tenders a written request for an instruction which is legally correct and supported by the evidence, failure to give the instruction is error; moreover, defendant has failed to demonstrate prejudice even if the instruction was unnecessary.

**4. Negligence § 82 (NCI4th)— willful or wanton contributory negligence—not pled—directed verdict denied**

The trial court did not err in a negligence action arising from a three story fall at a construction site by denying defendant's motion for a directed verdict on the issue of plaintiff's willful or wanton contributory negligence. Defendant pled only contributory negligence, set forth no allegations of fact sufficient to give notice that it was asserting as a defense that Mr. Sloan's conduct amounted to willful or wanton contributory negligence, and plaintiffs expressly objected to trying the issue of willful or wanton contributory negligence. A defendant's failure to plead an affirmative defense ordinarily results in waiver thereof, unless the issue is tried by the express or implied consent of the parties.

**5. Negligence § 176 (NCI4th)— fall at construction site—substandard barrier removed—intervening negligence instruction—denied**

The trial court did not err in a negligence action arising from a three story fall at a construction site by refusing defendant's requested instruction on insulating negligence where the evidence did not support the instruction. While there is evidence that both defendant and a painting contractor were negligent, the painting contractor's negligence in removing and not replacing a substandard protective device was at most a concurring cause and not a superseding intervening cause.

**6. Evidence and Witnesses § 1723 (NCI4th)— injury at construction site—video of building—admission not abuse of discretion**

Plaintiff did not show abuse of discretion or prejudice in a negligence action arising from a three story fall at a construction site in the admission of a videotape of the building and the denial of defendant's motion for a new trial.

Appeal by defendant from judgment entered 10 April 1996 and order entered 22 May 1996 by Judge James E. Ragan, III, in New Hanover County Superior Court. Heard in the Court of Appeals 26 August 1997.

*Armstrong & Armstrong, P.A., by L. Lamar Armstrong, Jr., and Marcia Kaye Stewart; Narron O'Hale & Whittington, P.A., by John P. O'Hale, for plaintiff-appellees.*

*Marshall, Williams & Gorham, L.L.P., by Ronald H. Woodruff, for defendant-appellant.*

MARTIN, John C., Judge.

Defendant Miller Building Corporation appeals from a judgment entered upon a jury verdict finding that plaintiff, Landon W. Sloan, Jr., was injured by defendant's willful or wanton negligence and awarding him damages of $454,000 for his personal injuries and his wife, Phyllis Fay Sloan, damages of $40,000 for loss of consortium. This case has been previously considered by this Court upon plaintiffs' appeal from an order granting defendant's motion for summary judgment; summary judgment was reversed and the case was remanded for trial. *Sloan v. Miller Bldg. Corp.*, 119 N.C. App. 162, 458 S.E.2d 30, *disc. review denied*, 341 N.C. 652, 462 S.E.2d 517 (1995).

Briefly summarized, and only to the extent necessary to an understanding of the issues raised on appeal, the evidence at trial tended to show that defendant was the general contractor for the Campus Edge Phase II Condominium Project in Wilmington, N.C.; plaintiff was hired by defendant as a subcontractor to complete the exterior carpentry trim on the building. On Monday, 21 October 1985, plaintiff was working on the third floor of the structure. In order to remove himself from the path of other workers who were carrying construction materials, plaintiff backed up and sat on a scaffold at the open edge of the floor while he talked with some other carpenters about

the work they were doing. The scaffold collapsed and plaintiff fell three floors to the ground, sustaining serious injuries.

The evidence showed that defendant had not placed any standard barrier protection around the perimeter of the third floor as required by OSHA standards; the only barrier protection which had ever been provided consisted of ropes tied to each post around the third floor perimeter. Those ropes had been removed on Saturday, 19 October 1985, by the painting contractor so that the posts could be painted. Neither the painting contractor nor defendant had replaced the ropes or erected any other barrier protection around the perimeter. When plaintiff arrived at work on the following Monday morning, 21 October 1985, he noticed that the ropes had been removed, but he made no effort to replace the ropes nor did he ask defendant to replace them. There was also evidence tending to show that defendant had been cited by OSHA compliance officers on multiple occasions for its failure to provide adequate barrier protection on open sided floors.

I.

[1] Plaintiff Landon Sloan originally filed his complaint against Miller Building Corporation on 11 July 1986; Phyllis Fay Sloan was not a party to that action. Landon Sloan submitted to a voluntary dismissal without prejudice of his claim on 10 October 1988. On 6 October 1989, plaintiffs filed their complaint in this action, which included a claim on behalf of Phyllis Fay Sloan for loss of consortium. Defendant moved to dismiss Phyllis Fay Sloan's claim on the grounds that the claim was barred by the statute of limitations. Defendant's Assignment of Error No. 1 is to the denial of its motion to dismiss Phyllis Fay Sloan's action for loss of consortium.

G.S. § 1-52(5) is the statute of limitations applicable to a spouse's claim for loss of consortium and requires that the claim be brought within three years from the time the cause of action accrues. Under North Carolina law, a spouse's claim for loss of consortium must be joined with the other spouse's claim for personal injury. *Nicholson v. Hugh Chatham Memorial Hospital, Inc.*, 300 N.C. 295, 266 S.E.2d 818 (1980). Our Supreme Court has held that a spouse's cause of action for loss of consortium is not barred by the statute of limitations so long as the original negligence claim of the injured spouse is not so barred. *Wall v. Stout*, 310 N.C. 184, 311 S.E.2d 571 (1984).

In the present case, defendant's allegedly negligent acts occurred on 21 October 1985; the three year statute of limitations for Phyllis

Sloan's loss of consortium action would ordinarily have run on 21 October 1988. However, on that date, Landon Sloan's cause of action for personal injury was not in existence, having been voluntarily dismissed without prejudice on 10 October 1988, and Phyllis Fay Sloan could not have brought her derivative claim for loss of consortium at that time. When Landon Sloan voluntarily dismissed his original action for personal injury without prejudice, he effectively extended the time within which he could re-file the claim beyond the three year limitation of G.S. 1-52(5). *Whitehurst v. Virginia Dare Transportation Co.*, 19 N.C. App. 352, 198 S.E.2d 741 (1973). Because his spouse's cause of action for loss of consortium was required to be joined with his personal injury claim, we hold that the effect of Landon Sloan's voluntary dismissal was also to extend the time within which Phyllis Fay Sloan could assert her derivative cause of action coextensive with the time within which he could re-file his personal injury claim. Thus, when Landon Sloan re-filed his personal injury claim within the time permitted by G.S. § 1A-1, Rule 41(a), Phyllis Fay Sloan had the right to join with it her derivative cause of action for loss of consortium. Defendant's motion to dismiss was properly denied and its first assignment of error is overruled.

## II.

[2] Defendant's Assignment of Error No. 3 is directed to the denial of its motion for directed verdict on the issue of its willful or wanton negligence. Defendant contends there was insufficient evidence of willful and wanton negligence to overcome the bar of Landon Sloan's recovery by reason of his own contributory negligence and that the issue should not have been submitted to the jury.

In its opinion in the previous appeal of this case, another panel of this Court determined that at the summary judgment stage of the proceeding plaintiffs had forecast sufficient evidence of willful and wanton negligence on the part of Miller Building Corporation so that "reasonable jurors could differ on the question of whether the conduct of defendant . . . constituted willful or wanton misconduct sufficient to overcome the bar of Sloan's contributory negligence." *Sloan*, at 169, 458 S.E.2d at 34. Where an appellate court decides questions and remands a case for further proceedings, its decisions on those questions become the law of the case, both in the subsequent proceedings in the trial court and upon a later appeal, where the same facts and the same questions of law are involved. *Tennessee-Carolina Transp., Inc. v. Strick Corp.*, 286 N.C. 235, 210 S.E.2d 181 (1974).

SLOAN v. MILLER BUILDING CORP.

[128 N.C. App. 37 (1997)]

The legal question presented by defendant's motion for directed verdict is essentially the same as that presented by its motion for summary judgment, i.e., "whether there is sufficient evidence to sustain a jury verdict in [plaintiff's] favor . . . or to present a question for the jury." *Davis v. Dennis Lilly Co.*, 330 N.C. 314, 323, 411 S.E.2d 133, 138 (1991). Therefore, we must look to see if the evidence of defendant's willful or wanton negligence presented at the trial of this case was the same as was forecast at the summary judgment stage.

In reversing summary judgment, the court held that plaintiffs had shown sufficient evidence to establish a jury issue as to defendant's willful or wanton negligence by forecasting evidence that Miller lacked basic safety procedures at the job site where plaintiff was injured; that it had been indifferent to, and had failed to comply with, OSHA standards for standard railings or their equivalent barrier protection on that job site; and that defendant had a pattern of noncompliance with, and conscious disregard of, OSHA standards on its other job sites, including those standards relating to safety railings.

At trial, plaintiffs offered evidence that defendant was aware of its obligation to erect standard safety railings on open floors; defendant's safety consultant testified that it was the general contractor's responsibility to erect proper barrier protection and that ropes tied to beams were not sufficient. Defendant's superintendent on the Campus Edge job, who was also the job's safety coordinator, had received a report a month before plaintiff's accident indicating the lack of railings, but had taken no remedial action. Plaintiffs also offered evidence tending to show that defendant had, in the two and one-half year period prior to plaintiff's injury, been cited by OSHA inspectors on seven occasions for failure to have guardrails on open sided floors. Phase One of the Campus Edge project had been cited for not having guardrails in May 1984. There was also evidence tending to show that a previous subcontractor had requested that defendant provide material for a guardrail when he reached the second floor of the building and that defendant had refused the request. The rope barrier, which did not meet OSHA regulations, was put in place only after construction had reached the third floor.

Considering the evidence in the light most favorable to plaintiffs, as is required when ruling upon a defendant's motion for directed verdict, we hold it sufficient for reasonable jurors to find that defendant was willfully or wantonly negligent. *See Estate of Smith v.*

**SLOAN v. MILLER BUILDING CORP.**

[128 N.C. App. 37 (1997)]

*Underwood*, 127 N.C. App. 1, 12, 487 S.E.2d 807, 815 (1997) (directed verdict should be granted only if the trial judge could properly conclude that no reasonable juror could find for plaintiffs). The trial court properly denied defendant's motion for directed verdict.

**[3]** In a related assignment of error, defendant's Assignment of Error No. 7, defendant contends the trial court erred by instructing the jury as follows:

> Now, you need not find that the defendant's conduct was willful and wanton. It is sufficient that you find that the defendant's conduct was either willful or wanton under the definitions I just gave to you.

The instruction was requested by plaintiff and is a correct statement of the law. Willful negligence arises from the tortfeasor's deliberate breach of a legal duty owed to another, while wanton negligence is "done of a wicked purpose or . . . done needlessly, manifesting a reckless indifference to the rights of others." *Siders v. Gibbs*, 39 N.C. App. 183, 187, 249 S.E.2d 858, 861 (1978). It is not required that the jury find that a defendant's conduct be both willful negligence and wanton negligence to overcome the bar of contributory negligence; it is sufficient that defendant's conduct amount to either an intentional failure to perform a duty or a reckless neglect to perform such duty. *See Sloan*, 119 N.C. App. 162, 458 S.E.2d 30 (1995); *Lewis v. Brunston*, 78 N.C. App. 678, 338 S.E.2d 595 (1986). When a party tenders a written request for an instruction which is legally correct and supported by the evidence, failure to give the instruction is error. *Bass v. Hocutt*, 221 N.C. 218, 19 S.E.2d 871 (1942). Moreover, defendant has failed to demonstrate how the instruction, even if unnecessarily given, could have possibly been prejudicial. This assignment of error is overruled.

III.

**[4]** In its Assignments of Error No. 4 and 5, defendant asserts the trial court erred in denying defendant's motion for a directed verdict on the issue of plaintiff's willful or wanton contributory negligence and in failing to submit this issue to the jury. We do not agree.

A defendant's failure to plead an affirmative defense ordinarily results in waiver thereof, unless the issue is tried by the express or implied consent of the parties. N.C. Gen. Stat. § 1A-1, Rule 15(b) (1990); *Nationwide Mut. Ins. Co. v. Edwards*, 67 N.C. App. 1, 312 S.E.2d 656 (1984). Affirmative defenses which are required to be specifically pleaded include contributory negligence "and any other

matter constituting an avoidance or affirmative defense." N.C. Gen. Stat. § 1A-1, Rule 8(c) (1990).

In this case, plaintiffs' amended complaint alleged, *inter alia*, defendant's willful and wanton negligence. In its answer to the amended complaint, defendant pleaded only plaintiff's contributory negligence and set forth no allegations of fact sufficient to give notice that it was asserting, as a defense, that plaintiff's conduct had amounted to willful or wanton contributory negligence. Plaintiffs expressly objected to trying the issue of willful or wanton contributory negligence. Therefore, the trial court did not err in denying defendant's motion for a directed verdict based on plaintiff's willful or wanton contributory negligence or in refusing defendant's request to submit the issue to the jury.

IV.

By its Assignment of Error No. 8, defendant asserts the trial court erred in denying its motion for judgment notwithstanding the verdict. Defendant relies on the arguments made in support of its Assignments of Error No. 3 and 4, which we have considered and rejected in Sections II and III above. For the same reasons, we find no error in the trial court's denial of defendant's motion for judgment notwithstanding the verdict.

V.

[5] By its Assignment of Error No. 6, defendant contends the trial court erred in refusing defendant's request that the jury be instructed with respect to insulating negligence. Defendant argues that any negligent act on its part was insulated by the painting contractor's removal of the rope barrier, and that another subcontractor could have removed a brace from the scaffold upon which plaintiff sat, causing it to collapse.

Insulating negligence is "a new proximate cause which breaks the connection with the original cause and becomes itself solely responsible for the result in question. It must be an independent force, entirely superseding the original action and rendering its effect in the causation remote." *Hairston v. Alexander Tank & Equipment Co.*, 310 N.C. 227, 236, 311 S.E.2d 559, 566 (1984), (quoting *Harton v. Telephone Co.*, 141 N.C. 455, 462-63, 54 S.E. 299, 301-02 (1906)). "It is not to be invoked as determinative merely upon proof of negligent conduct on the part of each of two persons, acting independently, whose acts unite to cause a single injury." *Id.*

**SLOAN v. MILLER BUILDING CORP.**

[128 N.C. App. 37 (1997)]

The trial court need only give a requested instruction which is supported by the evidence. *State v. Cummings*, 346 N.C. 291, 488 S.E.2d 550 (1997). In this case the evidence does not support an instruction concerning "insulating acts of negligence." While there is evidence that both defendant and the painting contractor were negligent, the painting contractor's negligence was not a superseding intervening cause. Defendant's negligence consisted of its failure to erect proper barrier protection and its failure to inspect the building to determine whether proper safety measures were in effect; negligence which remained active until the moment of plaintiff's injury. The painting contractor's act of removing and not replacing the rope barrier, a substandard protective device, was not a new and independent proximate cause of plaintiff's fall, but, at most, a concurring cause. In addition, the burden was upon defendant to prove that its own negligence was insulated by the negligent act of another. There was no evidence that any subcontractor actually removed a brace from the scaffolding upon which plaintiff sat or that such a brace was removed at all, only speculation that it could have happened. That is not sufficient evidence of negligence to require an instruction on insulating negligence. *Petty v. City of Charlotte*, 85 N.C. App. 391, 355 S.E.2d 210 (1987).

## VI.

[6] Finally, we have carefully considered defendant's assignments of error relating to the admission of a videotape of the building where the plaintiff fell (Assignment of Error No. 2), and the denial of defendant's motion for a new trial (Assignment of Error No. 9). Each of these rulings to which defendant assigns error was addressed to the sound discretion of the trial court and may be disturbed on appeal only where an abuse of such discretion is clearly shown. *Campbell v. Pitt County Memorial Hosp. Inc.*, 84 N.C. App. 314, 352 S.E.2d 902, *affirmed*, 321 N.C. 260, 362 S.E.2d 273 (1987) (admissibility of videotape within sound discretion of trial court; discretionary order denying G.S. § 1A-1, Rule 59 motion for a new trial may be reversed only for manifest abuse of discretion). *See Anderson v. Hollifield*, 345 N.C. 480, 480 S.E.2d 661 (1997) (appellate review of trial court's discretionary ruling granting or denying motion for new trial is limited to determination of whether record affirmatively shows abuse of discretion). Defendant has shown neither prejudice from the admission of the videotape nor any abuse of the trial court's discretion in either ruling.

No error.

Judges EAGLES and TIMMONS-GOODSON concur.