CAROLYN F. BURNETT, Plaintiff v. WARREN H. WHEELER, Defendant

No. COA97-332

(Filed 16 December 1997)

1. **Divorce and Separation § 402 (NCI4th)— child support— parent's income—sufficiency of findings**

An order requiring defendant to pay $900 per month in child support was remanded where defendant had been an airline pilot with an income of $150,000; his child support was $950 per month; he filed a motion to modify the payment due to a substantial change in income in that he had retired, was self-employed, and had an income of $29,000 per year after business

**BURNETT v. WHEELER**

[128 N.C. App. 174 (1997)]

losses; and the court found that defendant had suffered a Sub-Chapter S pass through onto his personal tax return in excess of $52,000 and that defendant either had earnings or an earnings capacity of at least $77,000 per year. It could not be determined whether defendant's income was $77,000 with the loss or if the court chose not to find the loss credible at all.

**2. Divorce and Separation § 405 (NCI4th)— child support— parent's income—all sources**

The trial court did not abuse its discretion in a child support matter in its calculation of defendant's income where defendant contended that the court incorrectly imputed to him an income of $77,000 per year despite evidence of an actual income of $29,000 and without any finding that he had deliberately depressed his income. A careful review of the record reveals that the court found that defendant's total income from all available sources equaled at least $77,000, including retirement accounts, stocks, and land, despite an ambiguous finding regarding business losses. It is appropriate to consider all sources of income along with defendant's earning capacity when determining defendant's gross income and setting child support.

Appeal by defendant from order entered 25 October 1996 by Judge Thomas G. Foster, Jr. in Guilford County District Court. Heard in the Court of Appeals 19 November 1997.

*Hatfield and Hatfield, by Kathyrn K. Hatfield, for plaintiff-appellee.*

*Thigpen, Blue, Stephens and Fellers, by T. Byron Smith, for defendant-appellant.*

LEWIS, Judge.

Defendant appeals the order of the trial court on the grounds that the court did not apply the North Carolina Child Support Guidelines correctly. We affirm in part and remand in part for further findings.

Pursuant to a child support order entered 20 August 1990, defendant paid $950.00 per month to plaintiff Carolyn Burnett for the support of their minor child. The order was based upon an income of $150,000 defendant earned as a pilot with U.S. Air Airlines. In July 1995, defendant filed a motion to modify his child support payment in accordance with the North Carolina Child Support Guidelines ("the

Guidelines") due to a substantial change in income. Defendant retired from U.S. Air and was self-employed. He reported his income as approximately $29,000 per year after business losses. On 16 October 1996, the matter was heard before Judge Thomas G. Foster, Jr. The trial court found that "the defendant has either earnings or an earning capacity of at least $77,000 per year." As a result, the court ordered defendant to pay child support of $900 per month in accordance with the Guidelines. Defendant appeals.

[1] First, defendant contends that the trial court failed to accurately apply the Child Support Guidelines in determining his income. Defendant contends that the trial court incorrectly computed his gross income under the Guidelines by failing to deduct business losses.

Pursuant to the Guidelines, gross income from self-employment or operation of a business is defined as "gross receipts minus ordinary and necessary expenses required for self-employment or business operation." *See North Carolina Child Support Guidelines.* The trial court found that defendant suffered a loss in excess of $52,000. Defendant contends that the trial court was required to factor this loss into its computation of his gross income. However, from our review of the record, it is unclear whether the trial court deducted the loss from defendant's income. In its findings of fact, the trial court stated, "His company, WRA, Inc. showed a Sub-Chapter S pass through loss onto his personal tax return in excess of $52,000." There are no further findings indicating how the trial court treated this loss. We are unable to determine if the trial court concluded that even with a $52,000 loss the defendant's income was $77,000, or if the trial court chose not to find the loss credible at all and therefore did not factor it into its computation.

In orders of child support, the trial court should make findings specific enough to indicate to the appellate court that due regard was taken of the requisite factors. *See Coble v. Coble*, 300 N.C. 708, 712, 268 S.E.2d 185, 189 (1980). Because we are unable to determine what the trial court decided relative to the evidence of loss submitted by defendant, we remand for more specific findings indicating the trial court's treatment of the $52,000 loss and its computation of defendant's gross income.

[2] Next, defendant assigns error to the trial court's conclusion that he has an earning capacity of at least $77,000 per year. Defendant contends that the trial court "imputed" an income to him of $77,000

**BURNETT v. WHEELER**

[128 N.C. App. 174 (1997)]

despite evidence of his actual income, which he maintains is $29,000, and without any finding that defendant has deliberately depressed his income in order to evade his child support responsibility. We disagree.

The amount of child support awarded is in the discretion of the trial judge and will be disturbed only upon a showing of abuse of that discretion. *Dixon v. Dixon*, 67 N.C. App. 73, 74, 312 S.E.2d 669, 670 (1984). Defendant is correct in his contention that a person's capacity to earn income may be the basis of an award only if there is a finding that the party deliberately depressed his income or otherwise acted in deliberate disregard of the obligation to provided reasonable support for the child. *Goodhouse v. DeFravio*, 57 N.C. App. 124, 127, 290 S.E.2d 751, 753 (1982). However, we find that defendant mischaracterizes Judge Foster's order. Judge Foster did not "impute" an income of $77,000 to defendant. A careful review of the record reveals that the trial court found that defendant's total income, from all available sources, equaled at least $77,000. When setting child support and determining the defendant's gross income, it is appropriate to consider all sources of income along with the defendant's earning capacity. *See North Carolina Child Support Guidelines*. The trial court found as fact that defendant had retirement accounts which totaled $722,384 and that he had stocks and land valued at $60,000 and $74,000, respectively. Thus, notwithstanding the court's ambiguous treatment of the $52,000 loss discussed *supra*, the trial court did not abuse its discretion in considering all of defendant's available sources of income in arriving at his gross income. We find that the trial court did not impute an income to defendant and therefore overrule this assignment of error.

Affirmed in part and reversed and remanded in part.

Judges WALKER and TIMMONS-GOODSON concur.