UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ROLAND DARNELL; STEPHANIE
DARNELL,
<u>Plaintiffs-Appellants,</u>

v.

No. 97-2040

B.P. EXPLORATION & OIL,
INCORPORATED; BP AMERICA,
INCORPORATED,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
James A. Beaty, Jr., District Judge.
(CA-96-647)

Submitted: January 30, 1998

Decided: March 13, 1998

Before WILKINS and WILLIAMS, Circuit Judges, and HALL,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

D. Thomas Lambeth, Jr., H. Clay Hemric, Jr., HEMRIC, LAMBETH,
CHAMPION & MOSELEY, P.A., Burlington, North Carolina, for
Appellants. Richard J. Keshian, J. Steven Gardner, KILPATRICK
STOCKTON, L.L.P., Winston-Salem, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Roland Darnell appeals from the district court's order granting summary judgment to the Defendants and dismissing his state law claims of malicious prosecution and intentional infliction of emotional distress. Stephanie Darnell appeals from the district court's order granting summary judgment to the Defendants and dismissing her state law claim of loss of consortium. We affirm.

Roland Darnell was previously employed as the fuel/desk shop manager at the Truckstops Corporation of America (TA) in North Carolina. At the time, TA was a wholly-owned subsidiary of Defendant B.P. Exploration & Oil, Inc. (BP), which in turn was a wholly-owned subsidiary of Defendant B.P. America, Inc. (BP). In January 1993, TA management began to suspect that someone from the company was generating fraudulent receipts and invoices to obtain cash from TA.[1] An initial investigation conducted by TA employees revealed that cash had been disbursed for numerous false vendor receipts and that accounting discrepancies appeared only in the two departments in which Darnell was manager. Further investigation revealed that Darnell had signed the receipts for the cash that had been disbursed in connection with the fraudulent vendor receipts. Consequently, on January 22, 1993, Darnell's employment was terminated.

_____

[1] Pursuant to TA's cash disbursement procedures, if cash was needed to purchase a part from a vendor, a manager could obtain the money from a TA cashier. These petty cash disbursements were called "paid-outs." The manager obtaining the "paid-out" would leave an "IOU" known as a "Trendar receipt." Once the paid for item or service was obtained, the vendor's invoice would be substituted for the Trendar receipt.

After further evidence was found implicating Darnell, TA informed the Gibsonville Police Department (GPD) of its suspicions. The GPD conducted a follow-up investigation and reported its findings to the District Attorney's Office. Darnell was subsequently arrested and indicted for embezzlement. The District Attorney's Office brought additional charges against Darnell for obtaining money by false pretenses. A jury later acquitted Darnell of these criminal charges.

Darnell initiated this action in state court claiming that the Defendants, acting through their agents and employees, maliciously prosecuted him by instituting criminal charges against him and intentionally caused him to suffer emotional distress.[2] Mrs. Darnell alleged that she suffered loss of consortium as a result of the Defendants' actions against her husband. The Defendants later removed the action to federal district court on diversity grounds.

This court reviews de novo a district court's grant of summary judgment and affirms only if the record reveals no genuine issue of material fact and that the Defendants were entitled to judgment as a matter of law. Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994). A "genuine issue of material fact" exists when, viewed in the light most favorable to the nonmovant, the evidence presents a sufficient disagreement to require submission to a jury. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-49 (1986). At the summary judgment stage, all issues of credibility are resolved in the plaintiff's favor. Miller v. Leathers, 913 F.2d 1085, 1087 (4th Cir. 1990).

Under North Carolina law an action for malicious prosecution requires a plaintiff to show: (1) initiation by the defendant of an earlier proceeding; (2) lack of probable cause for such initiation; (3) malice, either actual or implied; and (4) termination of the earlier proceeding in favor of the plaintiff. See Semones v. Southern Bell Tel. & Tel. Co., 416 S.E.2d 909, 912 (N.C. Ct. App. 1992) (citing Jones v. Gwynne, 323 S.E.2d 9, 11 (N.C. 1984)). Failure to prove any of these elements precludes recovery. See id. Despite the possibility that other employees may have been involved in this fraudulent scheme,

_____

**2** While Darnell also instituted a defamation claim against BP, which the district court later dismissed as being time-barred, he does not contest this dismissal on appeal.

3

the record reveals that TA had probable cause to institute the criminal proceeding brought against Roland Darnell. Furthermore, Darnell has put forth no evidence showing that the Defendants acted with malice. Consequently, Darnell's malicious prosecution claim cannot be sustained as a matter of law. See id.

We further find that the district court properly dismissed Darnell's claim of intentional infliction of emotional distress. In North Carolina a plaintiff can recover for emotional distress caused by another person's intentional or reckless, extreme and outrageous conduct. See Lorbacher v. Housing Auth. of Raleigh, 493 S.E.2d 74, 81 (N.C. Ct. App. 1997). We find that neither TA's management nor BP's security department engaged in the type of extreme and outrageous conduct necessary to sustain a claim of intentional infliction of emotional distress. Darnell was charged and indicted based on an investigation conducted by agents and employees of BP pursuant to their employment duties. Such conduct is neither extreme nor outrageous. Accordingly, Darnell's claim of intentional infliction of emotional distress is without merit.

Finally, we find that Mrs. Darnell's claim for loss of consortium is meritless in light of the disposition of her husband's claims. See Labram v. Havel, 43 F.3d 918, 921 (4th Cir. 1995); Sloan v. Miller Bldg. Corp., 493 S.E.2d 460, 463 (N.C. Ct. App. 1997).

We therefore affirm the district court order granting summary judgment to the Defendants and dismissing the Darnells' claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4