CAROLYN FRYAR BURNETT, PLAINTIFF v. WARREN H. WHEELER, DEFENDANT

No. COA98-868

(Filed 18 May 1999)

### 1. Child Support, Custody, and Visitation— child support— calculation of income—business losses

The trial court on remand in a child support action correctly computed defendant's income under the Child Support Guidelines by considering defendant's business loss but not balancing that loss against his income. The court's findings are reasonable and satisfy the requirements of the mandate on remand, particularly in light of a finding that defendant was trained as an airline pilot but was not looking for work with freight carrier airlines even though such work was available. The "Potential Income" section of the Guidelines permits a court to consider potential income when a defendant is voluntarily unemployed or underemployed.

### 2. Child Support, Custody, and Visitation— child support—amount ordered not paid while appeal pending—contempt

The trial court properly found that defendant was in willful contempt where defendant appealed a modified order and continued payments at the old amount. Defendant would have been entitled to a setoff for the overpayment if the order had been reversed; his calculated and deliberate decision to pay the lower amount was at his peril.

### 3. Child Support, Custody, and Visitation— child support—attorney fees

The trial court did not abuse its discretion by awarding attorneys fees to plaintiff's counsel in a child support action where defendant had substantial assets in the form of his retirement and investment accounts, his home, aircraft, a boat, and a business, while plaintiff's income was $41,000 per year, with modest bank accounts totaling approximately $2,000.

Appeal by defendant from orders entered 9 April 1998 by Judge Thomas G. Foster, Jr. in Guilford County District Court. Heard in the Court of Appeals 19 April 1999.

*Hatfield & Hatfield, by Kathryn K. Hatfield, for plaintiff-appellee.*

*Thigpen, Blue, Stephens & Fellers, by T. Byron Smith, for defendant-appellant.*

EDMUNDS, Judge.

Plaintiff is the mother of a minor child fathered by defendant. In 1987, plaintiff filed this action against defendant for support of their minor child. In 1990, the trial court ordered defendant to pay $950 per month in support. By 1995, defendant had retired early from his work as a pilot for USAir and opened his own business (WRA, Inc.), which reduced his annual income. Later that year, defendant moved for a reduction in support, and in October 1995, the trial court reduced his child support payment to $525 per month. At the same time, the trial court ordered a hearing to determine arrearage owed by defendant. On 12 June 1996, that amount was set at $6,935. The June order also continued the matter for a review of child support consistent with North Carolina's Child Support Guidelines. In October 1996, the trial court found defendant had either earnings or an earning capacity of $77,000 per year and that WRA, Inc., a Sub-Chapter S company, showed a $52,000 loss, which passed through to defendant's personal tax return. Based on its findings, the trial court ordered defendant to pay child support in the amount of $900 per month. Defendant appealed that decision to this Court while continuing to pay only $525 per month.

On appeal, this Court held that "the trial court did not abuse its discretion in considering all of defendant's available sources of income in arriving at his gross income." *Burnett v. Wheeler*, 128 N.C. App. 174, 177, 493 S.E.2d 804, 806 (1997). We also stated,

We are unable to determine if the trial court concluded that even with a $52,000 loss the defendant's income was $77,000, or if the trial court chose not to find the loss credible at all and therefore did not factor it into its computation.

. . . Because we are unable to determine what the trial court decided relative to the evidence of loss submitted by defendant, we remand for more specific findings indicating the trial court's treatment of the $52,000 loss and its computation of defendant's gross income.

*Id.* at 176, 493 S.E.2d at 806. On remand, the trial court entered an order finding that it did consider defendant's $52,000 business loss when calculating defendant's income and in setting child support. The trial court again set defendant's support obligation at $900 per month.

Within two weeks of this Court's order remanding the case, plaintiff moved for attorney's fees and requested the trial court to find defendant in contempt for failing to pay $900 per month in support. After the trial court entered its findings on remand, it ruled on plaintiff's motions, awarding attorney's fees to plaintiff and holding defendant in civil contempt for failing to make his full monthly child support payments. From these orders, defendant appeals.

**[1]** Defendant first argues the trial court incorrectly computed his gross income under the Child Support Guidelines, contending the trial court erred when it considered WRA, Inc.'s business loss but failed to balance that loss against defendant's income. We disagree. This Court earlier concluded that the trial court properly considered all of defendant's available resources in determining his gross income. That decision is the law of the case for this appeal. *See Sloan v. Miller Building Corp.*, 128 N.C. App. 37, 41, 493 S.E.2d 460, 463 (1997) (citing *Transportation, Inc. v. Strick Corp.*, 286 N.C. 235, 210 S.E.2d 181 (1974)). We remanded solely for clarification of whether the trial court had considered defendant's $52,000 loss in its determination that defendant's annual earnings or earning capacity was $77,000. On remand, the trial court made the following finding of fact:

> [T]he presiding Judge having reviewed his notes from the trial in this matter finds that he did take the $52,000 loss from WRA, Inc. into account when he found that Defendant's income from all sources was at least $77,000. Defendant has owned this business for twenty years and it has often shown a loss. Further, Defendant's credibility on the subject of this business is minimal. When making this finding the presiding Judge considered the Defendant's retirement accounts totaling $722,384, stocks valued at $60,000, land, a house, and a boat purchased in 1994 for $74,000.

This Court is deferential to determinations of child support by district court judges, who see the parties and hear the evidence firsthand. *See Taylor v. Taylor*, 128 N.C. App. 180, 182, 493 S.E.2d 819, 820 (1997) (citing *Moore v. Moore*, 35 N.C. App. 748, 751, 242 S.E.2d 642, 644 (1978)). An exercise of discretion by a trial judge in calculating

the support guidelines will be reversed only if it is " 'manifestly unsupported by reason.' " *Kennedy v. Kennedy*, 107 N.C. App. 695, 700, 421 S.E.2d 795, 798 (1992) (quoting *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985)). Although Judge Foster declined the opportunity dangled before him by this Court to find that evidence of defendant's loss lacked all credibility, he found the credibility "minimal." The above-quoted findings are reasonable and satisfy the requirements of our mandate on remand. They are particularly compelling when considered with the trial judge's finding in his order of 25 October 1996, that defendant, trained as an airline pilot, was not looking for work with freight carrier airlines even though such work was available. The trial court properly considered these facts under the "Potential Income" section of the Child Support Guidelines. That section permits a court to consider potential income when a defendant is "voluntarily unemployed or underemployed." Child Support Guidelines, 1999 Ann. R. N.C. 33; *see Osborne v. Osborne*, 129 N.C. App. 34, 497 S.E.2d 113 (1998). This assignment of error is overruled.

[2] Defendant next argues the trial court erred when it found him in contempt. We disagree. Defendant was ordered on 24 October 1995 to make monthly child support payments of $525. This order was modified on 25 October 1996 to require monthly support payments of $900. Defendant appealed the modified order on 11 November 1996 and continued to make payments of $525. On 16 December 1997, this Court remanded the case for further findings on the modified order. On 31 December 1997, plaintiff moved to have the trial court hold defendant in contempt for accrued arrearage under the modified order. On 8 April 1998, the trial court made findings of fact as required by remand, again ordered that defendant pay child support of $900 per month, and found defendant in civil contempt for violation of its earlier order. "One who wilfully violates an order does so at his peril." *Joyner v. Joyner*, 256 N.C. 588, 591, 124 S.E.2d 724, 727 (1962). "If the order from which an appeal is taken is upheld by the appellate court, wilful failure to comply with the order during pendency of the appeal is punishable by contempt on remand." *Quick v. Quick*, 305 N.C. 446, 461, 290 S.E.2d 653, 663 (1982) (citations omitted). Although *Joyner* and *Quick* were decided prior to the enactment of the current version of N.C. Gen. Stat. § 50-13.4(f)(9) (Cum. Supp. 1998) (granting the trial court continuing jurisdiction to hear contempt proceedings even while an appeal is pending), the quoted holdings remain valid. Having never lost jurisdiction over this issue, the district court could hold a contempt hearing at any time.

BURNETT v. WHEELER

[133 N.C. App. 316 (1999)]

The trial court found defendant's violation of its order willful. We agree.

> Although the statutes governing civil contempt do not expressly require willful conduct, *see* N.C. Gen. Stat. §§ 5A-21 to 5A-25 (1986), case law has interpreted the statutes to require an element of willfulness. In the context of a failure to comply with a court order, the evidence must show that the person was guilty of "knowledge and stubborn resistence [sic]" in order to support a finding of willful disobedience.

*Sharpe v. Nobles*, 127 N.C. App. 705, 709, 493 S.E.2d 288, 290-91 (1997) (citations omitted). Defendant had full notice of the order requiring him to pay $900 per month. Had he paid that amount, he would have been entitled to a setoff for the overpayment if the order had been reversed. *See Boyles v. Boyles*, 70 N.C. App. 415, 419, 319 S.E.2d 923, 927 (1984). Instead, he made a calculated and deliberate decision to pay the lower amount. He did so at his peril. The trial court properly found that defendant was in willful contempt.

[3] Finally, defendant contends the trial court erred in awarding attorney's fees to plaintiff's counsel. N.C. Gen. Stat. § 50-13.6 (1995) grants the court discretion to award fees to an interested party who acts in good faith but has insufficient means to defray the expense of the suit. The record in this case indicates defendant had substantial assets in the form of his retirement and investment accounts, his home, an aircraft, a boat, and a business. In contrast, plaintiff's income was $41,000 per year, with modest bank accounts totaling approximately $2,000. The court did not abuse its discretion in ordering attorney's fees.

The order of the trial court is affirmed.

Affirmed.

Chief Judge EAGLES and Judge JOHN concur.